RECEIVED
SEP 16 2025
CLERK, U.S. DISTRICT COURT
FERGUS FALLS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Reino Ale Rousu,

 Plaintiff,

v.

State of Minnesota; Sarah Strommen, in her official capacity as Commissioner of the Minnesota Department of Natural Resources; Jordan Anderson, Jacob Swedberg, Phil Seefeldt, Hannah Mishler in their official and individual capacity as Conservation Officer; and John Does, in their individual and official capacities,

 Defendants.

Civil Action No._____

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY DAMAGES**

25cv 3683 LMP/LIB

## INTRODUCTION

1. This action arises from the unlawful seizure of Plaintiff Reino Ale Rousu's boat and harvested rice and the State of Minnesota's attempt to regulate wild rice harvesting by a White Earth Band member exercising treaty-reserved rights on the 1855 Treaty ceded territory.

2. The U.S. Constitution provides that treaties are the "supreme Law of the Land." U.S. Const. art. VI, cl. 2. Absent clear congressional abrogation, state law cannot override reserved treaty rights. *Minnesota v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172, 202 (1999).

3. By enforcing state wild rice regulations against Plaintiff, Defendants have violated the 1855 Treaty, the Supremacy Clause, and Plaintiff's rights as secured by federal law.

SCANNED
SEP 16 2025
U.S. DISTRICT COURT FF

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the claims arise under the Constitution, laws, and treaties of the United States.

5. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202.

6. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred within Minnesota.

## PARTIES

7. Plaintiff Reino Ale Rousu is Anishinaabe and an enrolled member of the White Earth Band of Ojibwe.

8. Defendant State of Minnesota purports to enforce state laws governing wild rice harvesting.

9. Defendant Commissioner of the Minnesota Department of Natural Resources (DNR) is responsible for administering and enforcing wild rice regulations.

10. Defendants Conservation Officers Jordan Anderson, Jacob Swedberg personally participated in the seizure of Plaintiff's boat and enforcement of the state regulations.

11. Defendants Conservation Officers Phil Seefeldt, Hannah Mishler were notified of the wrongdoing and failed to take action to remedy.

12. John Does are unknown officers or officials who assisted in or ordered the seizure.

## FACTUAL ALLEGATIONS

13. In the 1855 Treaty, 10 Stat. 1165, the Chippewa ceded vast lands in present-day Minnesota. The Treaty did not contain any clear and explicit abrogation of usufructuary rights to hunt, fish, and gather within the ceded territory.

14. The Supreme Court has made clear that treaty rights persist unless and until Congress clearly expresses its intent to abrogate them. *Mille Lacs*, 526 U.S. at 202.

15. For Anishinaabe people, *manoomin* (wild rice) is a sacred gift and central to community, culture, and spirituality. The Anishinaabe migration story foretold that the people would travel westward until they reached "the place where food grows on the water." This prophecy referred to *manoomin* and guided the Anishinaabe to settle in the Great Lakes region.

16. Wild rice remains integral to Anishinaabe lifeways, providing not only food but also a foundation for ceremonies, teachings, and intergenerational traditions. To harvest *manoomin* is to fulfill cultural obligations and preserve a way of life handed down since time immemorial.

17. By attempting to regulate Plaintiff's rice harvesting under state law, Defendants not only violated treaty rights but also intruded upon practices central to Anishinaabe cultural and spiritual identity.

18. The Anishinaabe people have for generations relied upon *manoomin* (wild rice) for food, culture, and ceremony. The gathering of wild rice is among the core usufructuary rights reserved by treaty.

19. Plaintiff is a White Earth Band member and, on or about August 28, 2025, was exercising his treaty-reserved right to harvest wild rice on Height of Land Lake, a public body of water within the 1855 ceded territory.

20. Plaintiff accessed the rice bed using his airboat.

21. Plaintiff also had rice obtained separately to the rice obtained at Height of Land Lake,

22. Defendant Conservation Officer Jacob Swedburg, acting under color of state law, seized Plaintiff's airboat and issued no citations for alleged violations of Minnesota wild rice regulations, which restrict harvesting to canoes and impose other method-of-take limitations. See Minn. Stat. § 84.091; Minn. R. 6284.

23. Defendant Conservation Officer Jacob Swedburg, also seized approximately 300 pounds of rice, including rice which had not been harvested from Height of Land Lake with the airboat.

24. These seizures deprived Plaintiff of his property, caused significant economic loss, and directly interfered with his exercise of treaty-reserved rights.

25. No act of Congress authorizes Minnesota to regulate the means by which Plaintiff exercises treaty-reserved rights.

26. Plaintiff was engaged in noncommercial, personal harvesting of wild rice, a core subsistence and cultural use reserved under the 1855 Treaty.

27. The approximate value of the airboat is $45,000

28. The approximate value of the rice is $4,000

29. The approximate value lost to Plaintiff by his inability to harvest rice is $450,000

## CLAIMS FOR RELIEF

**COUNT I – Violation of Treaty Rights (Supremacy Clause, U.S. Const. art. VI, cl. 2)**

12. Plaintiff realleges the foregoing paragraphs.

13. The Ojibwe signatories to the 1855 Treaty reserved the right to gather wild rice within the ceded territory.

14. Defendants' enforcement of state regulations conflicts with and unlawfully burdens Plaintiffs' treaty-reserved rights. *Mille Lacs*, 526 U.S. at 202–03.

15. Under the Supremacy Clause, the treaty right preempts Minnesota law.

**COUNT II – Deprivation of Rights under Color of Law (42 U.S.C. § 1983)**

25. Plaintiff realleges the foregoing paragraphs.

26. Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Constitution and treaties of the United States.

27. Defendants are liable for damages and equitable relief under 42 U.S.C. § 1983.

**COUNT III – Unlawful Seizure (U.S. Const. Ams. IV & XIV; 42 U.S.C. § 1983)**

28. Plaintiff realleges the foregoing paragraphs.

29. The seizure of Plaintiff's boat and rice without lawful authority constitutes an unreasonable seizure in violation of the Fourth Amendment, incorporated against the states by the Fourteenth Amendment.

30. Because the asserted state law is preempted by treaty, the seizure lacked legal justification.

**COUNT IV – Declaratory Judgment (28 U.S.C. §§ 2201–2202)**

31. Plaintiff realleges the foregoing paragraphs.

32. A justiciable controversy exists as to whether Minnesota has authority to enforce wild rice regulations against Plaintiff.

33. Plaintiff seeks a declaration that he retains the right to harvest wild rice on ceded territory without state interference.

### COUNT V – Conversion / Supplemental State Law Claim

34. Plaintiff realleges the foregoing paragraphs.

35. Defendants wrongfully exercised dominion and control over Plaintiff's airboat and rice, constituting conversion under Minnesota law.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Declare that Plaintiff, as a White Earth Band member, has a treaty-reserved right to harvest wild rice on ceded territory free from state regulation;

2. Enjoin Defendants from enforcing Minnesota wild rice regulations against Plaintiff and other similarly situated tribal members;

3. Order the immediate return of Plaintiff's seized airboat and rice or, if return is not possible, award just compensation for its value;

4. Award Plaintiff compensatory damages in an amount to be determined at trial;

5. Award punitive damages against individual Defendants for willful violations of Plaintiff's rights;

6. Award costs, expenses, and attorneys' fees under 42 U.S.C. § 1988; and

7. Grant such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

9-16-25

[signature]

27090 Co rd 110
Callaway Mn 56521

218-849-3856